United States District Court
Southern District of Texas

**ENTERED**

April 01, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JULIO CHARRO HERNANDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02408 |
| | § | |
| RAYMOND THOMPSON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Julio Charro Hernandez's Petition for Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.   BACKGROUND

The following facts are not in dispute. Petitioner is a citizen of Cuba who entered the United States without inspection in 2022. ECF No. 1 at 1. He was detained upon being encountered at the border and released approximately two days later under an Order of Release on Recognizance (ORR) pursuant to certain conditions. *Id.*

Since his release, Petitioner has appeared at all scheduled ICE check-ins and complied with all conditions of his release. *Id.* at 2. Nonetheless, Respondents re-detained Petitioner at his regularly scheduled ICE check-in on November 13, 2025. *Id.* at 3; 8. He remains in custody. The

1 / 5

Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

On November 14, 2025, the Department of Homeland Security provided Petitioner with a Notice to Appear (NTA) in removal proceedings before an immigration judge (IJ). ECF No. 5, Exh. 1. The NTA charged Petitioner with being "an alien present in the United States who has not been admitted or paroled." *Id*. On March 10, 2026, the IJ denied Petitioner's application for a waiver under the Cuban Adjustment Act (INA § 245(a)) and ordered him removed to Cuba. ECF No. 5, Exh. 2. Petitioner reserved his right to appeal that decision to the Board of Immigration Appeals (BIA) and has until April 10, 2026, to do so. *Id*. Petitioner's removal order is thus not administratively final, and if Petitioner exercises his right to appeal the order to the BIA, it will not become final until the BIA issues a decision. His removal proceedings are thus ongoing.

## II.   ANALYSIS

Petitioner argues, among other claims, that his re-detention violates his Fifth Amendment right to due process of law. Because the Court agrees that Petitioner's detention violates his procedural due process rights, it declines to address his additional claims.[1]

---

[1] The Court notes that Petitioner's first and second claims of action cite the incorrect statute and regulatory scheme. Because Petitioner is not subject to a final order of removal, his detention is not governed by 8 U.S.C. § 1231 and according to the Petition, he was previously release on an Order of Release on Recognizance, also known as a Form I-220A, not on an Order of Supervision (OSUP) pursuant to § 1231(a)(3). Release on Recognizance is generally authorized under 8 U.S.C. § 1226, whereas § 1231(a)(3) provides for release on an OSUP when a noncitizen is subject to a final order of removal, but removal is not reasonably foreseeable (usually because the noncitizen's country of origin will not issue a travel document). Additionally, the Court agrees with Respondents that Petitioner likely falls within the group of noncitizens statutorily subject to 8 U.S.C. § 1225(b)(2)'s mandatory detention scheme under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (2026). However, because the Court finds that

2 / 5

The Court has recently addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) without a pre-deprivation hearing or proof of changed individual circumstances demonstrating that the noncitizen was now a flight risk or danger to the community violated the noncitizen's right to procedural due process. *See  Betancourth v. Tate, et al.*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 at *3-4 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026). The Court sees no reason to reach a different conclusion here.

As to Respondents' additional arguments, the Court has already rejected them. See *Betancourth*, 2026 WL 638482, at *2 (rejecting argument that *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) bars procedural due process claims for noncitizens whom ICE previously released on their own recognizance); *Alvarez Rico*, 2026 WL 522322 at * 2-3 (rejecting argument that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), precludes due process claims by noncitizens statutorily subject to mandatory detention); *Perea-Berrio*, 2026 WL 709481 at *2 (rejecting argument that arbitrary revocation of release does not violate due process because it does not violate the applicable regulation); *id*. at *3 (rejecting argument that immediate release is not an appropriate remedy).

The Court declines to reconsider its prior decisions on this issue. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

---

Respondents' summary re-detention of Petitioner after previously releasing him on an ORR violated his constitutional due process rights, these errors do not enter into its decision.

3 / 5

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 7, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 20, 2026.**

    **IT IS SO ORDERED.**

Signed at Houston, Texas on April 1, 2026.

Keith P. Ellison
United States District Judge